IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 04-903-JPG |
| ) | |
| TOM MAUE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Three motions are pending in this action.

**MOTION TO APPOINT COUNSEL (DOC. 3)**

There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971).

When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). Plaintiff makes no showing that he has attempted to retain counsel. Therefore, the Court finds that appointment of counsel is not warranted at this time and, accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

**MOTION FOR EMERGENCY INJUNCTION (DOC. 5)**

The Court construes this motion as a request for issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter at this time. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Therefore, the motion for an emergency injunction is **DENIED**.

## MOTION (DOC. 7)

The title of this motion is confusing, but its purpose is clear in the text – Plaintiff does not wish this case to be combined or consolidated with a case filed by another inmate, Timothy Cunningham. *See Cunningham v. Finley*, Case No. 04-583-WDS (S.D. Ill, filed Aug. 20, 2004). This motion is **GRANTED**; the Court sees no reason to consolidate these cases.

**IT IS SO ORDERED.**

**Dated: July 19, 2005**

                                                                s/ J. Phil Gilbert
                                                                 **U. S. District Judge**