**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **STEVEN HUGHES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Case No.   04-903-JPG-PMF |
| | ) |
| **TOM MAUE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This case is before the Court on plaintiff's motion for a preliminary injunction or temporary restraining order (Doc. No. 60).

Plaintiff filed this § 1983 action for damages in December, 2004, claiming that he was subjected to excessive force and harsh prison conditions in 2003, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  In the present motion, plaintiff describes an event occurring on May 30, 2007.  He states that his personal wheelchair was wrongfully confiscated and he was improperly moved from a special cell for disabled inmates to a standard cell in the general prison population.

In order to succeed on a motion for a temporary restraining order or a motion for preliminary injunction, plaintiff must demonstrate that: (1) no adequate remedy at law exists;  (2) he will suffer irreparable harm if the injunction is not granted; (3) the irreparable harm he will suffer outweighs the harm to the defendants if the injunction is granted; (4) he has a reasonable likelihood of prevailing on the merits; and (5) the injunction will not harm the public interest.  *Joelner v. Vill. of*

*Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).  Plaintiff has the burden of proof to make a clear showing that he is entitled to a TRO.  *Goodman v. Illinois Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005).  Any injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm.  18 U.S.C. § 3626(a)(2).

The record at this point does not support the issuance of a preliminary injunction or temporary restraining order.  Plaintiff does not supply facts that would justify an order interfering with the internal administration of a state prison facility.  *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir.1997).  Also, plaintiff has an adequate remedy at law.  If he believes his Constitutional rights were violated as a result of the recent events, he may exhaust administrative remedies and bring suit under 42 U.S.C. § 1983.  If plaintiff believes personal property was improperly seized or that a negligent housing decision caused harm, he may bring an action in the Illinois Court of Claims.  Plaintiff has not shown irreparable harm, has not shown that the balance of harm weighs in his favor, and has not shown that he has a reasonable likelihood of success on the merits of his § 1983 claim.

IT IS RECOMMENDED that plaintiff's motion for a preliminary injunction or TRO (Doc. No. 60) be DENIED.

**SUBMITTED:**  June 18, 2007  **.**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**