# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Case No.   04-903-JPG-PMF |
| ) | |
| TOM MAUE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This case is before the Court on plaintiff's motions for default judgment (Part of Doc. Nos. 46, 72) and defendant Ahmed's motion to dismiss for failure to effectuate timely service (Doc. No. 61). Plaintiff's motions, as corrected, target claims against defendants Martin, Ahmed, and Baig.[1] The Clerk's records show that defendants Martin and Baig served answers in a timely manner and that defendant Ahmed served his Rule 12 motion in a timely manner (Doc. Nos. 54, 57, 61, 66, 81, 90). The Clerk has not entered default as to these defendants.

One of the prerequisites to obtaining default judgment pursuant to Rule 55 is that there must be an entry of default. The entry of default serves as interlocutory recognition that a particular party has failed to plead or defend against a pleading in compliance with procedural rules. Because default has not been entered as to defendants Martin, Ahmed, or Baig, default judgment is not appropriate.

Defendant Faisa Ahmed seeks dismissal for lack of timely service. He was named as a defendant in the Complaint, filed on December 8, 2004 (Doc. No. 1). Following threshold review,

---

[1] The first motion was corrected to exclude defendant Vallabhaneni (Doc. No. 80).

the U.S. Marshals Service was appointed to serve process on July 14, 2006 (Doc. No. 11). In December, 2006, a nonparty was directed to provide address information and the 120-period for service of process was extended to February 2, 2007 (Doc. Nos. 29, 31). The U.S. Marshals Service received service addresses for defendant Ahmed in January, 2007. When further efforts to obtain a waiver of service failed, summons was issued. Personal service was not accomplished until April 11, 2007 (Doc. No. 51, 55). Plaintiff opposes dismissal, noting that he is not responsible for the service delay. Absent a finding of good cause, dismissal without prejudice is appropriate when service is not made within 120 days or by the extended deadline set by the Court. Fed. R. Civ. P. 4(m).

The circumstances presented here warrant an additional finding of good cause. Efforts to serve process were delayed pending threshold review, at which point plaintiff was entitled to rely on the U.S. Marshals Service to serve process. Fed R. Civ. P. 4(c)(2); *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995); *Sellers v. U.S.A.*, 902 F.2d 598 (7th Cir. 1990). The U.S. Marshals Service's failure to serve defendant Ahmed in a timely manner qualifies as good cause to further extend the service deadline. If the late service interferes with defendant Ahmad's efforts to prepare a defense in compliance with the discovery and motions schedule, he may seek additional time.

IT IS RECOMMENDED that plaintiff's motions for default judgment (Part of Doc. Nos. 46, 72) be DENIED.

IT IS FURTHER RECOMMENDED that defendant Ahmed's motion to dismiss (Doc. No. 61) be DENIED.

**SUBMITTED:**  **August 21, 2007** .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**