# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| STEVEN HUGHES, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Civil Case No. 04-903-JPG-PMF |
| TOM MAUE, et al., | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are cross motions for summary judgment, a motion for summary judgment, and a motion to dismiss (Doc. Nos. 63, 70, 110, 114).

Plaintiff is an inmate at Dixon Correctional Center. He is proceeding on § 1983 claims challenging the conditions of his former confinement at Menard Correctional Center in 2003. Specifically, plaintiff claims that he was deprived of his Eighth Amendment right to be free from cruel and unusual punishment when defendants Maue and Martin used excessive force and when all defendants responded to his serious mental health needs with deliberate indifference.

### I. Cross Motions for Summary Judgment

Defendants Maue, Harper, Grubman, and Martin seek summary judgment in their favor on affirmative defenses (Doc. No. 63). Plaintiff opposes that motion and seeks judgment in his favor on the affirmative defenses (Doc. Nos. 69, 70).

The first issue raised by these motions is plaintiff's failure to exhaust administrative remedies. Before an inmate may file suit regarding prison conditions, he or she must exhaust

administrative remedies. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion requires compliance with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002). In Illinois, the administrative remedy process involves levels of review, ending with a decision by the Director or the Illinois Department of Corrections, following a recommendation by the Administrative Review Board (ARB). 20 Ill. Admin. Code, part 504, subpt. F. Because prison officials cannot exploit the exhaustion requirement through endless delay, failure to respond to a grievance can be used to show that the administrative process was not available. *See Lewis v. Washington*, 300 F.3d 829, 835 (7th Cir. 2002).

The defendants rely on the affidavit of Sherry Benton, who serves as a chairperson for the ARB. When Ms. Benton reviewed the ARB's records, she located correspondence from plaintiff but did not find any grievance appeal regarding the matters raised in this case.

Plaintiff adopts the argument he advanced in March, 2007. At that time, he took the position that his fellow inmates prepared and sent correspondence and grievances on his behalf. He believes those grievances were received at the various levels of review and were either denied or ignored. He further believes appeals were delivered to the ARB (Doc. No. 47, pp. 18-26).

Plaintiff brought his Eighth Amendment claims against defendants Maue, Harper, Grubman, and Martin on December 8, 2004. Accordingly, the Court focuses on evidence suggesting that plaintiff exhausted his administrative remedies prior to that date.[1] The materials offered to support plaintiff's argument show that the ARB received a grievance on November 12, 2004, relating to the

---

[1] Plaintiff continued his efforts to exhaust administrative remedies after he brought this case. Because remedies must be exhausted *before* the lawsuit is filed, efforts after December 8, 2004, are not relevant to the analysis.

conduct attributed to defendants Martin and Grubman. The grievance was deemed incomplete and was returned with instructions (Doc. No. 47, p. 39).

Construing this evidence in plaintiff's favor, it could not reasonably support an inference that he exhausted his administrative remedies before December 8, 2004. In particular, the exhibits do not demonstrate that plaintiff's grievances or appeals were sent, received, and ignored. Under these circumstances, no party is entitled to judgment. Rather, the defense motion (Doc. No. 63) should be granted in part, and plaintiff's § 1983 claims against defendants Maue, Harper, Grubman, and Martin should be dismissed without prejudice to plaintiff's right to pursue his Eighth Amendment claims after administrative remedies have been exhausted.

The cross motions also address the viability of the affirmative defense of qualified immunity. Because plaintiff brought these claims before administrative remedies were exhausted, the affirmative defense is not reached at this time.

**II.     Motion to Dismiss**

Defendants Ahmed, Baig, and Vallabhaneni seek dismissal of claims asserted against them pursuant to Rule 41(b), which permits involuntary dismissal when a plaintiff fails to comply with a court order (Doc. No. 114). This motion is based on plaintiff's failure to comply with a pretrial order awarding discovery expenses to these defendants. On October 16, 2007, expenses incurred in seeking plaintiff's deposition were awarded to these defendants. Plaintiff was ordered to pay the expenses within 30 days and was advised that noncompliance would result in a recommendation that claims against these defendants be dismissed (Doc. No. 106). Defendants Ahmed, Baig, and Vallabhaneni seek dismissal at this time, reporting that no portion of the amount due has been tendered.

This motion is unopposed. Pursuant to Local Rule, the absence of a response is deemed an admission that the motion for Rule 41(b) dismissal has merit. SDIL-LR 7.1(c). The claims against defendants Ahmed, Baig, and Vallabhaneni should be dismissed.

### III. Conclusion

IT IS RECOMMENDED that cross motions for summary judgment be resolved as follows. Defendants' motion (Doc. No. 63) should be GRANTED in part and DENIED in part. Plaintiff's motion (Doc. No. 70) should be DENIED. Plaintiff's Eighth Amendment claims against defendants Maue, Harper, Grubman, and Martin should be dismissed without prejudice for failure to exhaust administrative remedies.

IT IS FURTHER RECOMMENDED that the unopposed motion to dismiss (Doc. No. 114) be GRANTED. Plaintiff's claims against defendants Ahmed, Baig, and Vallabhaneni should be dismissed for failure to comply with a pretrial order awarding discovery expenses. If this recommendation is adopted, the summary judgment motion filed by defendants Ahmed, Baig, and Vallabhaneni (Doc. No. 110) will be moot.

**SUBMITTED: February 29, 2008.**

*S/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**